Matthew L. Rollin (SBN 332631)
**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, CA 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile
Matthew.rollin@sriplaw.com

Counsel for Plaintiff
VPR Brands, LP

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VPR BRANDS, LP,<br><br>　　　　　Plaintiff,<br>v.<br>YOCAN USA LLC,<br><br>　　　　　Defendant. | CASE NO.: **2:25-at-00130**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

　　　　Plaintiff VPR BRANDS, LP by and through its undersigned counsel, brings this Complaint against Defendant YOCAN USA LLC for Patent Infringement, and in support, alleges as follows:

### NATURE OF THE LAWSUIT

　　　　1.　　This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, et seq., to enjoin and obtain damages resulting from defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent Number 8,205,622 entitled "Electronic Cigarette." Plaintiff seeks injunctive relief to prevent defendant from continuing to infringe plaintiff's patent and recovery of monetary damages resulting from defendant's past infringement of the patent.

### THE PARTIES

　　　　2.　　Plaintiff, VPR Brands, LP ("VPR"), is a Delaware limited partnership authorized to do business in Florida with a principal place of business at 3001 Griffin Road, Fort Lauderdale, FL 33312.

1

COMPLAINT FOR PATENT INFRINGEMENT　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NO.:

3. Defendant YOCAN USA LLC ("Yocan") is a California Limited Liability Company, with its principal place of business at 2707 Boeing Way, Stockton, CA 95206, and can be served by serving its registered agents Sandi Larsen, Christy McCullough, Judy Culver, Kacy Flowers, Dena Weaver, at 1545 River Park Drive, Sacramento, CA 95815.

## JURISDICTION AND VENUE

4. This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271.

5. This Court has personal jurisdiction over the Defendant.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b)(3) because Defendant has committed acts of infringement and is subject to personal jurisdiction within this judicial district and division.

## FACTS

7. VPR is a technology company whose assets include issued U.S. and Chinese patents for atomization-related products, including technology for medical marijuana oil vaporizers, dab pen and flower vaporizer products and components.

8. VPR is engaged in product development for the vapor or vaping market, including e-liquids, vaporizers and electronic cigarettes (also known as e-cigarettes) which are devices which deliver nicotine and or cannabis and cannabidiol (CBD) through atomization or vaping, and without smoke and other chemical constituents typically found in traditional products.

9. VPR is a vaping market leader specializing in vaporizers and accessories for essential oils, cannabis concentrates and extracts (CBD), as well as electronic cigarettes containing nicotine.

10. VPR owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number 8,205,622 (the '622 Patent) entitled "Electronic Cigarette." A copy of the '622 Patent is attached hereto as Exhibit 1.

11. The '622 Patent discloses an electronic cigarette consisting of an electronic inhaler and an electronic atomizer.

12. The electronic inhaler contains a rechargeable or non-rechargeable power source such as a battery, which supplies electric power to the electronic inhaler. In addition to the power source, the inhaler also includes an electric airflow sensor to detect air movement generated by a user's

inhaling or puffing act. The sensor's role is to collect an airflow signal that triggers the electronic cigarette to supply electric power to the inhaler and atomizer connected through an electric connector.

13. Inside the electronic atomizer are an electric connector, electric heating wire, liquid container, and atomizer cap with an air-puffing hole. The user inhales through the air puffing hole at an end of the electronic cigarette to create an air inflow, which triggers the atomization process that converts a solution to a gas emulating the smoking process.

## DEFENDANT'S PRODUCT

14. Yocan uses, imports, offers for sale, distributes and sells one or more electronic cigarette products that practice all the steps of at least one claim of the '622 Patent.

15. One of Yocan's electronic cigarette products is known as Yocan Ziva Pro Smart Vaporizer Mod ("Ziva Pro"). Attached hereto as Exhibit 2 for illustration only is a claim chart demonstrating that Ziva Pro infringes Claim 13 of the '622 Patent.

16. Yocan's Ziva Pro is an electronic cigarette that contains a rechargeable battery that functions as a power source that supplies electric power to an electronic inhaler. In addition to the power source, the inhaler also includes an electric airflow sensor to detect air movement generated by a user's inhaling or puffing act.

17. The Ziva Pro also contains an electronic atomizer with an electric connector, electric heating wire, liquid/wax container, and atomizer cap with an air-puffing hole.

18. The user inhales through the air puffing hole at the end of the Ziva Pro to create an air inflow, which triggers the atomization process that converts a solution/solid to a gas, emulating the smoking process.

19. Yocan's electronic cigarette products also include a rechargeable battery and an atomizer. While sold separately, the battery and the atomizer are designed to be mechanically and electrically compatible with each other. This intentional compatibility enables the two components to function together as fully operational electronic cigarettes, practicing all the steps of at least one claim of the '622 Patent.

20. The rechargeable batteries marketed and sold by Yocan have no stand-alone use and are exclusively intended to be used with a compatible atomizer.

21. Yocan's rechargeable battery products include different versions of rechargeable batteries, including Yocan Keen Vaporizor, and Yocan Stix 2.0 (collectively "Yocan's Batteries").

COMPLAINT FOR PATENT INFRINGEMENT                                                                  CASE NO.:

22. Yocan's Batteries function as a power source that supplies electric power to an electronic inhaler. These rechargeable batteries also include an electric airflow sensor to detect air movement generated by a user's inhaling or puffing act.

23. Yocan's Batteries are designed marketed and sold exclusively for use with a 510 Thread Atomizer. Yocan's Batteries have no end-user function without an atomizer.

24. The 510 Thread Atomizer is required to use Yocan's Batteries and is an electronic atomizer with an electric connector, electric heating wire, liquid/wax container, and atomizer cap with an air-puffing hole.

25. In combination with Yocan's Batteries and 510 Thread Atomizer as an electronic cigarette, a user inhales through the air puffing hole at the end of the electronic cigarette to create an air inflow, which triggers the atomization process that converts a solution/solid to a gas emulating the smoking process.

26. The electronic cigarette products that Yocan uses, imports, offers for sale, distributes and sells, including but not limited to the Ziva Pro, Yocan's Batteries and 510 Thread Atomizer products, infringe one or more claims of the '622 Patent, including but not limited to Claim 13.

27. Yocan also uses, imports, offers for sale, distributes and sells electronic cigarette products under other brand names that are substantially similar to the Ziva Pro, Yocan's Batteries and 510 Thread Atomizer products, function in the same way as the Ziva Pro, Yocan's Batteries and 510 Thread Atomizer products, and infringe one or more claims of the '622 Patent.

28. Plaintiff has been irreparably harmed by Yocan's infringement of VPR's valuable patent rights.

29. Yocan's unauthorized, infringing use of VPR's patented electronic cigarette has threatened the value of their intellectual property because Yocan's conduct results in VPR's loss of its lawful patent rights to exclude others from importing, making, using, selling, offering to sell and/or importing the patented inventions.

30. Yocan's disregard for VPR's property rights similarly threatens VPR's relationships with potential licensees of this intellectual property.

31. Yocan will derive a competitive advantage from using VPR's patented technology without paying compensation for such use.

4

32. Unless and until Yocan's continued acts of infringement are enjoined, VPR will suffer further irreparable harm for which there is no adequate remedy at law

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,205,622

33. VPR realleges paragraphs 1 through 32 of this Complaint, as fully and completely as if set forth verbatim herein.

34. Within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. 8,205,622 by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

35. Without limiting the foregoing, Defendant has infringed at least claim 13 of the '622 Patent.

36. Defendant's activities alleged in this Count have been without license, permission, or authorization from VPR.

37. The activities of Defendant as set forth in this Count, have been to the injury, detriment, and irreparable harm to VPR.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VPR BRANDS, LP demands judgment and relief against Defendant YOCAN USA LLC and respectfully requests that the Court:

A. Enter a finding of willful infringement against Defendant under each of the patents asserted in this Compliant;

B. Award in favor of Plaintiff and against Defendant such damages as Plaintiff may have suffered but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

C. Award in favor of Plaintiff and against Defendant an enhancement of damages;

D. Find that this is an exceptional case;

E. Enter an injunction preliminarily and permanently enjoining infringement;

F. Award Plaintiff its attorneys' fees against Defendant under 35 U.S.C. § 285;

G. Award Plaintiff its costs against Defendant, and

H. Award in favor of Plaintiff and against Defendant such other and further relief as to the Court appears just and proper.

# JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: January 23, 2025

Respectfully submitted,

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
**SRIPLAW, P.A.**
8730 WILSHIRE BOULEVARD, SUITE 350
BEVERLY HILLS, CALIFORNIA 90211
DIRECT: (323) 452-5600
OFFICE: (561) 404-4350
MATTHEW.ROLLIN@SRIPLAW.COM
*Counsel for Plaintiff*